IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Crim. No. 95-69-SLR |
| ROYCE BROWN, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM ORDER**

At Wilmington this 4th day of September, 2013, having reviewed the papers submitted by the parties and having heard oral argument;

IT IS ORDERED that defendant Royce Brown shall be resentenced in this court on **December 3, 2013 at 3:00 p.m.** in courtroom 2A, second floor U.S. Courthouse, 844 King Street, Wilmington, Delaware, consistent with the decision of the United States Court of Appeals for the Seventh Circuit in *Brown v. Caraway,* 719 F.3d 583 (7th Cir. May 10, 2013), as more fully explained below:

1. On June 27, 1996, defendant was convicted of possession with intent to distribute 50 grams or more of crack cocaine and unlawful possession of a firearm by a felon. On November 6, 1997, the court sentenced defendant as a career offender pursuant to U.S.S.G. § 4B1.1, to 360 months of imprisonment, followed by five years of supervised release. The judgment was affirmed by the Third Circuit. *See United States v. Brown,* Nos. 96-7449, 97-7602 (3d Cir. Dec. 16. 1998)(consolidated appeal).

Defendant thereafter filed multiple motions for post-conviction relief, including motions filed pursuant to 18 U.S.C. § 3583(c)(2) seeking to reduce his sentence pursuant to Sentencing Guideline Amendments 433, 461, 706 and 750. Said motions were denied by this court, which decisions were affirmed by the United States Court of Appeals for the Third Circuit. See *United States v. Brown,* 369 Fed. Appx. 388, 2010 WL 746186 (3d Cir. 2010) (per curiam); *United States v. Brown,* No. 12-3374 (3d Cir. Oct. 19, 2012).

2. In addition to pursuing post-conviction relief in this court, defendant also filed a petition for habeas corpus relief, pursuant to 28 U.S.C. § 2241, in the United States Court of Appeals for the Southern District of Indiana, contending that under *Begay v. United States*, 553 U.S. 137 (2008), his prior Delaware conviction for Arson in the Third Degree did not qualify as a crime of violence under U.S.S.G. § 4B1.1. The district court dismissed his habeas petition *sua sponte,* reasoning that the savings clause embodied in § 2255(e) required a claim of actual innocence directed to the underlying conviction, not merely the sentence. On appeal, the Seventh Circuit reversed, holding that the district court erred in concluding that challenges to a sentence (rather than the underlying conviction) are categorically barred under 28 U.S.C. § 2241 and, furthermore, that defendant was entitled to relief under § 2241, to wit: "Under *Begay,* [defendant's] prior conviction for Arson in the Third Degree under Delaware law does not qualify as 'generic' arson under the enumerated crimes clause of the career offender Guideline, nor is it covered by the residual clause." *Brown v. Caraway,* 719 F.3d at 584. The Seventh Circuit's mandate that ultimately issued reversed the district

2

court's judgment and remanded the case "with instructions to grant [defendant's] § 2241 habeas petition, which, in turn, will ensure that [defendant's] sentence will be reduced to reflect our finding that he is not a career offender within the meaning of Section 4B1.1." (D.I. 229, ex. 3)

3. At the suggestion of counsel for the government, rather than following the mandate of the Seventh Circuit, the district court entered the following judgment directing this court to follow the mandate of the Seventh Circuit:

> **IT IS THEREFORE ADJUDGED** that:
>
> 1. Royce Brown's petition for a writ of habeas corpus is granted.
>
> 2. The sentence imposed upon Royce Brown by the United States District Court for the District of Delaware in *United States v. Royce Brown*, No. 95-CR-0069-SLR, is vacated and it is ordered that Royce Brown be resentenced in conformity and in accord with the Seventh Circuit's decision in *Royce Brown v. John F. Caraway, Warden*, No. 12-1439 (7th Cir. May 10, 2013).
>
> 3. This Judgment and a copy of the Seventh Circuit's decision and mandate in *Royce Brown v. Caraway, Warden*, No. 12-1439 (7th Cir. May 10, 2013) shall be delivered to the Clerk of the United States District Court for the District of Delaware for filing in No. 95-CR-0069-SLR.
>
> 4. Counsel for the respondent shall notify the United States Attorney for the District of Delaware of this ruling.

(D.I. 225, ex. 1)

4. Despite defense counsel's conclusory argument to the contrary, 28 U.S.C. § 2241 does not authorize a circuit court to exceed the jurisdiction established in 28 U.S.C. § 1294. The latter statute provides that "appeals from reviewable decision of the district and territorial courts shall be taken to the courts of appeals . . . [f]rom a district court of the United States to the court of appeals for the circuit embracing the district."

3

Likewise, § 2241 provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge **within their respective jurisdictions.**" (emphasis added) Moreover, § 2243 directs that the writ of habeas corpus "shall be directed to the person having custody of the person detained."

5. The United States Attorney's Office for the District of Delaware agrees that neither the Seventh Circuit nor the Southern District of Indiana have the authority to direct this court to re-sentence defendant. (D.I. 231 at 3) Indeed, the Seventh Circuit did not issue the directive to this court, the Southern District of Indiana did at the government's suggestion. No one disputes that this court is not bound to follow the directive of another district court.

6. Nevertheless, the court is persuaded that it has jurisdiction to re-sentence defendant and, further, that this court should be the court to re-sentence defendant in the interests of justice and out of a concern for the public's safety. More specifically, pursuant to 18 U.S.C. § 3582(c)(1)(B), the court may not modify a term of imprisonment once it has been imposed "unless otherwise expressly permitted by statute." According to the government, the statute which expressly permits modification of defendant's term of imprisonment is 28 U.S.C. § 2243. Although it is a legal stretch, the court concludes that § 2243 provides sufficient authority (through its vague language[1]) for the district of conviction to re-sentence a defendant "as law and justice require" and consistent with the mandate issuing from the district of confinement. Given that neither

---

[1] The subject of the first paragraph of § 2243 is "[a] court, justice or judge entertaining an application for a writ of habeas corpus," while the last paragraph of the statute directs "[t]he court" to "dispose of the matter as law and justice require."

4

party objects to this resolution,[2] and given that there is no clear precedent in this area of the law,[3] the court is satisfied that it has jurisdiction to open defendant's criminal case for purposes of re-sentencing consistent with the mandate issued by the Seventh Circuit.

                                                             /s/
United States District Judge

---

[2] *See* D.I. 226.

[3] *See* D.I. 231 at 7-9.